IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVIN KUSHNER and CHERI J. KUSHNER, )<br>on behalf of themselves and a class, )<br> ) <br>Plaintiffs, )<br> ) <br>vs. )<br> ) <br>ILLINOIS STATE TOLL HIGHWAY AUTHORITY, )<br>BRIAN MCPARTLIN, and MATTHEW BEAUDET, )<br> ) <br>Defendants. ) | Case No. 08 C 2148<br><br>Judge Conlon<br><br>Magistrate Judge Keys<br><br>**JURY DEMANDED** |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**

Plaintiffs Marvin Kusner and Cheri J. Kusner respectfully moves this Court, pursuant Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint, attached hereto as Appendix A. In support of this motion, plaintiffs state as follows:

1. Plaintiffs filed this action on April 15, 2008 for violations of Illinois law and violations of Due Process.

2. The proposed changes would not cause any prejudice to any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial);   Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . .

1

been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

   3. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so.  Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial");  Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

   WHEREFORE, plaintiff respectfully requests that this Court enter an Order granting them leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, and any further or other relief that the Court deems just.

            Respectfully submitted,


            s/ Zachary A. Jacobs
            Zachary A. Jacobs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS
 & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

  I, Zachary A. Jacobs, hereby certify that on June 16, 2008 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Victor F. Azar    vazar@getipass.com

               s/ Zachary A. Jacobs
               Zachary A. Jacobs

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVIN KUSHNER, CHERI J. KUSHNER, and JAIVA GOODRUM, on behalf of themselves and a class,  )<br>)<br>)<br>)<br>    Plaintiffs,  )<br>)<br>vs.  )<br>)<br>ILLINOIS STATE TOLL HIGHWAY AUTHORITY, BRIAN MCPARTLIN, and MATTHEW BEAUDET,  )<br>)<br>)<br>    Defendants.  ) | Case No. 08 C 2148<br><br>Judge Conlon<br><br>Magistrate Judge Keys<br><br>**JURY DEMANDED** |

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiffs bring this action to secure redress for the improper and unconstitutional practices of the Illinois State Toll Highway Authority ("ISTHA") in sending violation notices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1343 and 1367.

3.      Venue in this District is proper in that the defendant is located in the District and all events at issue occurred in the District.

### PARTIES

4.      Plaintiffs Marvin Kushner and Cheri J. Kushner, husband and wife, are residents of this District, users of the Illinois State Toll Highway Authority's system, and have an "I-PASS" electronic payment transponder.

5.      Plaintiff Jaiva Goodrum is a resident of this District and a user of the Illinois State users of the Illinois State Toll Highway Authority's system.

6.      Defendant Illinois State Toll Highway Authority ("ISTHA") is a governmental agency that operates the 274 mile toll highway system in Northern Illinois.  It is funded by revenues and not a part of the state for Eleventh Amendment purposes.  Its headquarters is located at 2700 Ogden Avenue, Downers Grove, Illinois 60515.

7.      Defendant Brian McPartlin is Executive Director of ISTHA and its principal executive officer.  He is sued in his official capacity.

8.      Defendant Matthew Beaudet is the ISTHA executive in charge of electronic tolling.  He is sued in his official capacity.

9.      "Electronic tolling" involves the use of "I-PASS" transponders to pay tolls.

10.     When a customer signs up for I-PASS he or she opens a prepaid account and receives a transponder mounted on the windshield or license plate.  When the vehicle approaches the toll gate in an I-PASS lane, signals are sent to and from the transponder and are supposed to cause the appropriate toll to be deducted from the prepaid account.  When the customer opens the account he or she pays a refundable deposit of $10 and prepaid tolls (usually $40).  ISTHA allows the customer to register a credit or debit card to be used to replenish the account when the balance becomes low.

11.     Signing up for I-PASS establishes a contractual relationship between the customer and ISTHA.

## FACTS RELATING TO PLAINTIFFS

12. About April 10, 2008, plaintiffs Marvin Kushner and Cheri J. Kushner received the "notice of toll violation" attached as Exhibit A.

13. At all times, plaintiffs Marvin Kushner and Cheri J. Kushner believed that they had a working I-PASS transponder properly mounted in their vehicle with an account in good standing with a balance sufficient to pay tolls they incurred and linked to a valid credit card to replenish that balance.

14. Exhibit A states that if the recipient "had a valid I-PASS account in good standing, at the time of these violations, you do not need to schedule a hearing," but should call for assistance. The same number is also given to call to schedule a hearing. Exhibit A does not provide for communication by mail or other means to request a hearing, inform ISTHA of an error, or for any purpose other than payment.

15. Plaintiffs Marvin Kushner and Cheri J. Kushner attempted to call the number provided by ISTHA on multiple occasions but the telephone was always busy and never answered.

16. Following the initial filing of the present lawsuit, ISTHA clarified that plaintiffs Marvin Kushner and Cheri J. Kushner received notices of toll violations because their current vehicle was not registered with their I-PASS account. ISTHA further stated that if the license plate number was add-ed to the I-PASS account, the fines associated with the alleged violations would be waived and the tolls deducted from the I-PASS account. There is no reason this information could not have been included in the initial notice.

17. About April 25, 2008, plaintiff Jaiva Goodrum received a "notice of toll

3

violation" substantively similar to Exhibit A.

18.     Plaintiff Jaiva Goodrum attempted to call the number provided by ISTHA on multiple occasions but the telephone was always busy and never answered.

19.     On information and belief, ISTHA failed to send any notices of toll violations from about September 2006 to the fall of 2007.

20.     On information and belief, based on press reports, ISTHA records 85,000 alleged toll violations each day (of more than 2 million daily toll transactions).  The backlog therefore represented well over 2 million alleged violations.

21.     ISTHA started to try to catch up on the backlog in the fall of 2007.  By October 4, 2007, ISTHA was sending notices at the rate of 1,000 per day to reduce the backlog.  On information and belief this volume increased thereafter.

22.     As a result of the substantial delay in many instances between the alleged violations and ISTHA sending notice, many customers were unable to verify whether the alleged tolls violations were legitimate.

23.     Many of the notices were erroneous.

24.     On information and belief, one reason is that although customers paid money and received I-PASS transponders, ISTHA did not properly link the transponder to the credit / debit card to its computer system.

25.     On information and belief, another reason is that although customers paid money and received I-PASS transponders, customers may not have used those transponders in vehicles registered to their I-PASS account, or may have occasionally used substitute vehicles.

26.     Because of these problem, the reference in the notice to the recipient

having "a valid I-PASS account in good standing, at the time of these violations," renders the notice misleading and insufficient, in that the customer has no way of knowing whether ISTHA considers him or her to have a "valid I-PASS account in good standing." The fact that the customer paid money and received a transponder might cause the customer to think they have a valid account in good standing, but it is not sufficient.

27. Other notices were caused by transponders being defective or having dead batteries. These customers are not liable for the fines.

28. On information and belief, based on press reports, the cameras used by ISTHA to read license plates of alleged violators misread the plates about 25% of the time, meaning that 25% of the violation notices are erroneous. ISTHA claims that the number is smaller, but still acknowledges thousands of errors.

29. As a result, the telephone system for responding to inquiries and requests for hearing was overwhelmed, and many or most callers were unable to get through.

30. All of the notices were in the form represented by Exhibit A. None of the notices provided a means of contesting the claimed violation or informing ISTHA of errors other than by telephone.

## CLASS ALLEGATIONS

31. Plaintiffs bring suit, pursuant to Fed. R.Civ.P. 23(a) and (b)(2), on behalf of two classes, A and B. Class A is all persons issued a notice of violation similar to Exhibit A that contained only a telephone number as a means of contacting the ISTHA. Class B is all persons who have transponder account with the ISTHA and use the Illinois tollway system.

32. The classes are so numerous that joinder is impracticable. On information

and belief, more than 1 million notices have been issued to members of Class A. Although the total number of members of Class B is not publicly available, it is certainly numerous enough to make joinder impracticable.

33. There are questions of law and fact common to the members of the classes. The predominant common questions are:

  a. Whether notices in the forms represented by <u>Exhibit A</u> violate due process (Count I).

  b. Whether notices in the form represented by <u>Exhibit A</u> comply with Illinois law governing such notices (Count II).

34. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in class action litigation.

36. Defendants have acted in a uniform manner with respect to the classes, by sending notices in the form represented by <u>Exhibit A</u>.

## COUNT I

37. Plaintiffs incorporate paragraphs 1-30. This claim is against all defendants.

38. The notices in the form of <u>Exhibit A</u>, and the inadequate means provided for communicating with ISTHA in response, violate procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of

plaintiff and the classes and against defendants for:

    a.    A declaration that notices in the form represented by <u>Exhibit A</u> violate due process;

    b.    An injunction restraining defendants from taking any action against members of Class A based on such notices;

    c.    Damages including a refund of all fines imposed pursuant to such notices, except pursuant to a judgment of a court;

    d.    An injunction directing defendants to provide additional notice to members of Class A of alternate methods of contacting ISTHA to schedule a hearing for alleged violations;

    e.    An injunction directing defendants to provide to members of Class A the specific nature of their violations, and, if possible, a method of resolution that does not result in a fine;

    f.    An injunction directing defendants to provide, in the future, members of Class B alternate methods of contacting ISTHA on any notices of alleged toll violations;

    g.    An injunction directing defendants to provide, in the future, members of Class B the specific nature of their violations, and, if possible, a method of resolution that does not result in a fine on any notices of alleged toll violations;

    h.    Punitive damages;

    i.    Attorney's fees, litigation expenses and costs of suit;

   j.  Such other or further relief as the Court deems proper.

## COUNT II

  39.  Plaintiffs incorporate paragraphs 1-30.   This claim is against all defendants.

  40.  The Illinois Toll Highway Act provides, 605 ILCS 10/10:

Sec. 10. The Authority shall have power:

(a-5) To fix, assess, and collect civil fines for a vehicle's operation on a toll highway without the required toll having been paid. The Authority may establish by rule a system of civil administrative adjudication to adjudicate only alleged instances of a vehicle's operation on a toll highway without the required toll having been paid, as detected by the Authority's video or photo surveillance system. In cases in which the operator of the vehicle is not the registered vehicle owner, the establishment of ownership of the vehicle creates a rebuttable presumption that the vehicle was being operated by an agent of the registered vehicle owner. If the registered vehicle owner liable for a violation under this Section was not the operator of the vehicle at the time of the violation, the owner may maintain an action for indemnification against the operator in the circuit court. <u>Rules establishing a system of civil administrative adjudication must provide for written notice, by first class mail or other means provided by law, to the address of the registered owner of the cited vehicle as recorded with the Secretary of State or to the lessee of the cited vehicle at the last address known to the lessor of the cited vehicle at the time of the lease, of the alleged violation and an opportunity to be heard on the question of the violation and must provide for the establishment of a toll-free telephone number to receive inquiries concerning alleged violations.</u> The notice shall also inform the registered vehicle owner that failure to contest in the manner and time provided shall be deemed an admission of liability and that a final order of liability may be entered on that admission. A duly authorized agent of the Authority may perform or execute the preparation, certification, affirmation, or mailing of the notice. A notice of violation, sworn or affirmed to or certified by a duly authorized agent of the Authority, or a facsimile of the notice, based upon an inspection of photographs, microphotographs, videotape, or other recorded images produced by a video or photo surveillance system, shall be admitted as prima facie evidence of the correctness of the facts contained in the notice or facsimile. Only civil fines, along with the corresponding outstanding toll, and costs may be imposed by administrative adjudication. A fine may be imposed under this paragraph only if a violation is established by a preponderance of the evidence. Judicial review of all final orders of the Authority

under this paragraph shall be conducted in the circuit court of the county in which the administrative decision was rendered in accordance with the Administrative Review Law [735 ILCS 5/3-101 et seq.]. . . . (Emphasis added)

41. The ISTHA regulation governing notices of violation, 92 Ill. Adm. Code 2520.705, states:

The Authority, or its duly authorized agent, shall give a Notice of Violation to the respondent of the alleged toll violation. The Notice of Violation shall be served on the respondent by First Class United States Mail or other means as provided by law, postage prepaid, to the address of the registered owner of the cited vehicle as recorded with the Secretary of State's vehicle registration records or to the lessee of the cited vehicle at the last address known to the lessor of the cited vehicle at the time of the lease. The Notice of Violation shall specify the date, approximate time and location of the violations cited, the regulation violated, the State registration number of the cited vehicle (if available), the amount of the unpaid tolls, and the applicable fines and fees. The Notice of Violation shall include a statement that failure to satisfy any fine or fee imposed by the Authority may result in the Secretary of State suspending the driving privileges, vehicle registration, or both, of the person failing to satisfy the fines or fees imposed by the Authority for non-payment of tolls. <u>The Notice of Violation shall inform the respondent of the availability of a hearing in which the violation may be contested on its merits and the manner in which the hearing may be conducted.</u> The Notice of Violation shall inform the respondent that failure to contest the alleged violations in the manner and time provided shall be deemed an admission of liability and that a final order of liability may be entered on that admission. The Notice of Violation shall further state that failure to either pay the indicated toll, fine or fee or to request a hearing on the merits will result in a final order of liability in the amount of the toll, fine or fee indicated. A duly authorized agent of the Authority may perform or execute the preparation, certification, affirmation, or mailing of the Notice of Violation.  (Emphasis added)

42. Notices in the form represented by <u>Exhibit A</u> do not comply with the statute and regulation.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiff and Classes A and B and against defendants for:

    a.    A declaration that notices in the form represented by <u>Exhibit A</u>

9

        violate due process;

b.    An injunction restraining defendants from taking any action against members of Class A based on such notices;

c.    Damages including a refund of all fines imposed pursuant to such notices, except pursuant to a judgment of a court;

d.    An injunction directing defendants to provide additional notice to members of Class A of alternate methods of contacting ISTHA to schedule a hearing for alleged violations;

e.    An injunction directing defendants to, in the future, provide alternate methods of contacting ISTHA on any notices of alleged toll violations sent to members of Class B.

f.    Punitive damages;

g.    Attorney's fees, litigation expenses and costs of suit;

h.    Such other or further relief as the Court deems proper.

## COUNT III

43.    Plaintiffs incorporate paragraphs 1-30. This claim is against ISTHA only.

44.    Defendant ISTHA has a contract with each customer, pursuant to which the customer is entitled to use the tollway system for the posted tolls.

45.    The effect of the conduct complained of is to force the customer to pay an excessive amount for the use of the tollway system, in violation of the contract created when the customer signs up for I-PASS.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of

plaintiff and the classes and against defendant for:

      a.      An injunction restraining defendants from taking any action against members of Class A based on the notices complained of;

      b.      Damages including a refund of all fines imposed pursuant to such notices, except pursuant to a judgment of a court;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems proper.

                                                      _____
                                                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

      Plaintiffs demand trial by jury.

                                                      _____
                                                     Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21304\Amended Complaint_.WPD

# EXHIBIT A

**Illinois Tollway**
**Notice of Toll Violation**
Payments: By Phone, mail or online at www.illinoistollway.com
1-800-824-7277 / 1-630-241-7302 - T.D.D.

Respondent(s):

MARVIN KUSHNER
CHERI J KUSHNER

Redacted

| | |
|---|---|
| Notice Number: | VN08426610 |
| License Plate/Type: | Redacted |
| Issue Date: | April 03, 2008 |
| Due Date: | April 24, 2008 |
| Amount Due: | $208.50 |

70318714

Your vehicle has been recorded by the Illinois Tollway's violation enforcement camera system for non-payment of the proper tolls. Within 21 days of the issue date of this notice you must either: pay the total amount due or request a hearing to contest the violations. If you had a valid I-PASS account in good standing, at the time of these violations, you do not need to schedule a hearing. The photo in the upper right corner of this page is representative of one of the alleged violation occurrences. Photos & documentation of all occurrences are available for inspection (see additional information below).

Section 10/10(a-5) of The Illinois Toll Highway Act and sections 2520.269(e) and 2520.750 of the Illinois Administrative Code authorizes The Illinois Tollway to adjudicate toll evasion violations administratively and assess a mandatory fine of $20.00 per violation against the registered owner of a vehicle that has been recorded as failing to pay the proper toll.

Failure to respond to this notice within 21 days shall be deemed as an admission of liability and a waiver of your right to a hearing and shall result in a Final Order of Liability being issued against you, by default, for the total amount due. Failure to satisfy any fines or penalties within 14 days after the entry of a Final Order of Liability, resulting by default or contest, shall result in an additional fine of $50.00 per liable violation. Failure to satisfy any fines or penalties after the entry of a Final Order(s) of Liability for 5 or more violations shall result in the Tollway petitioning the Secretary of State for suspension of your vehicle registration and/or driver's license and possible forwarding of this matter to a private agency or law firm for collection action.

I-PASS PATRONS: You may have received this notice if your account is not up to date with all current vehicle information. YOU DO NOT NEED TO SCHEDULE A HEARING. Call 1-800-824-7277 / 1-630-241-7302 - T.D.D. and a representative will assist you. Please have your I-PASS account number, notice number and license plate number available when you call.

Additional Information:
HEARING/EVIDENCE REVIEW: The purpose of a hearing is solely to determine whether or not a violation has occurred. The hearing officer does not have the legal authority to negotiate, waive or lessen the mandatory fine amount, extend the mandatory payment period or grant a payment plan.

Toll evasion is a public, strict liability and vicarious liability violation. Therefore the following are not legal defenses or mitigating factors under Illinois law: (1) the violation notice wasn't mailed sooner, (2) the driver did not intend to miss the payment or go through an I-PASS lane; or (3) someone else was driving the vehicle. This notice may not be inclusive of all violation events for this license plate either prior or subsequent to the dates in this notice.

If you wish to contest these violations or review all photos and documentation prior to a hearing please call 1-800-824-7277 / 1-630-241-7302 - T.D.D. to schedule a hearing and/or an evidence package review. Please have your name and license plate number available when you call.

DISPUTES: Sold vehicles, stolen vehicles or license plates, or commercial leased/rented vehicles please call 1-800-824-7277 / 1-630-241-7302 - T.D.D..

Return Coupon with your Payment To: Illinois Tollway, P.O. Box 5201, Lisle, IL 60532-5201

| | | | |
|---|---|---|---|
| Respondent(s):<br>MARVIN KUSHNER<br>CHERI J KUSHNER | | Notice Number:<br>Amount Due: | VN08426610<br>$208.50 |

Redacted

Make Cashiers Check or Money Order Payable to: The Illinois Tollway         Payment Amount: _____
___ Amex  ___ Visa  ___ MasterCard  ___ Discover                              Plate #: Redacted
Credit Card #: _____ Exp. Date: _____                    Name on Card: _____
Billing Address of Card if different than address on notice: _____

VN08426610

**Violation History:**

| Violation # | Date | Time | Location | Lane Type | Unpaid Toll | Fine | Total Due |
|---|---|---|---|---|---|---|---|
| 70318714 | 05/07/2008 | 09:37:55 | Plaza 17-Devon Ave Lane-07 | Truck I-PASS Only | $0.80 | $20.00 | $20.80 |
| 82928237 | 06/25/2006 | 08:12:52 | Plaza 29-Touhy Ave Lane-54 | ORT | $1.00 | $20.00 | $21.00 |
| 83581769 | 06/30/2006 | 23:26:05 | Plaza 17-Devon Ave Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 121117822 | 08/01/2006 | 14:32:09 | Plaza 24-Edens Spur Lane-52 | ORT | $1.00 | $20.00 | $21.00 |
| 80431643 | 09/17/2006 | 14:07:42 | Plaza 24-Edens Spur Lane-63 | ORT | $1.00 | $20.00 | $21.00 |
| 134251334 | 06/01/2007 | 19:28:39 | Plaza 24-Edens Spur Lane-52 | ORT | $1.00 | $20.00 | $21.00 |
| 134261423 | 06/01/2007 | 23:18:13 | Plaza 24-Edens Spur Lane-63 | ORT | $1.00 | $20.00 | $21.00 |
| 135525092 | 06/17/2007 | 17:22:53 | Plaza 37-I-55 S (Stevenson Expressway) Lane-06 | IPO | $0.30 | $20.00 | $20.30 |
| 135524105 | 06/17/2007 | 17:28:41 | Plaza 35-Cermak Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 164971978 | 12/11/2007 | 12:24:37 | Plaza 17-Devon Ave Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| Number of Violators: | 10 | | | Total: | $8.50 | $200.00 | $208.50 |