**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN KUSHNER, CHERI KUSHNER, | ) | |
| and JAIVA GOODRUM | ) | |
| on behalf of themselves and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 08-CV-2148 |
| | ) | Judge Conlon |
| ILLINOIS STATE TOLL HIGHWAY | ) | Magistrate Judge Keys |
| AUTHORITY, BRIAN MCPARTLIN, | ) | |
| and MATTHEW BEAUDET , | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS MOTION TO DISMISS**</u>
<u>**AMENDED COMPLAINT**</u>

Defendant, Illinois State Toll Highway Authority ("Tollway"), by and through its attorney, LISA MADIGAN, Illinois Attorney General, files this Motion to Dismiss Plaintiffs' Complaint.

The Defendant, Illinois Tollway, hereby moves this Court to dismiss the Plaintiffs' Complaint pursuant to F.R.C.P. 12(b), in that the Plaintiffs lack standing and it fails to state a claim upon which relief can be granted.  The Tollway has filed a memorandum of law in support of such motion.

WHEREFORE, Defendant Tollway respectfully requests this Honorable Court to dismiss the Plaintiffs' Complaint.

Respectfully submitted this 21ST day of July, 2008,

/s/  Victor F. Azar

| | |
|---|---|
| LISA MADIGAN | VICTOR F. AZAR, ARDC # 6203693 |
| Illinois Attorney General | Assistant Attorney General |
| | THOMAS J. BAMONTE |
| | General Counsel |
| | Illinois Tollway |
| | 2700 Ogden Avenue |
| | Downers Grove, Illinois 60615 |
| | (630) 241-6800, extension 1540 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN KUSHNER, CHERI KUSHNER, and JAIVA GOODRUM, on behalf of themselves and a class, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 08-CV-2148 Judge Conlon |
| ILLINOIS STATE TOLL HIGHWAY AUTHORITY, BRIAN MCPARTLIN, and MATTHEW BEAUDET, | ) ) ) ) ) | Magistrate Judge Keys |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS**

The Illinois State Toll Highway Authority ("Tollway"), Brian McPartlin and Matthew

Beaudet, by their attorney, Lisa Madigan, Illinois Attorney General, file this memorandum in

support of their Motion to Dismiss Plaintiffs' Amended Complaint ("Complaint").

**BACKGROUND**

The Tollway operates a system of toll highways in Northern Illinois that accepts payment

by cash or electronically. Electronic toll collection utilizes a windshield-mounted transponder (I-

PASS) that is associated with an I-PASS account to pay for tolls when the vehicle goes through a

toll collection point.[1]  An I-PASS account may contain multiple transponders and multiple

license plates. I-PASS customers are responsible for keeping their accounts current, including

registering the license plates of the vehicles they use for travel on the toll highways.

---

[1]        Information on the Tollway's I-PASS and toll Violation Enforcement System is posted on the Tollway's website: http://www.illinoistollway.com.

In order to thwart toll evasion, the Tollway has a Violation Enforcement System that photographs the license plates of vehicles going through electronic toll collection points.  If a license plate is listed with an I-PASS account, the toll is deducted.  If the license plate is not listed with any I-PASS account, the photograph becomes evidence of a toll violation.

I-PASS customers like the Plaintiffs Marvin and Cheri Kushners (the "Kushners") enter into an I-PASS Agreement when they get their I-PASS and set up their I-PASS account. (Exhibit A).[2]  The I-PASS Agreement provides in relevant part:  "If the license plate and plate type is inaccurate *or not listed in your I-PASS account*, the transaction will be treated as a violation."  (Exhibit A, ¶12) (emphasis added).

The Tollway has established an administrative adjudication system for alleged toll violators pursuant to the Toll Highway Act.  605 ILCS 10/10(a-5).  Under the system, suspected toll violators are sent a notice of violation informing the person the "date, approximate time and location of the violations cited" as well as the availability of a hearing to contest the violation. 92 IAC 2520.705 and 2520.705.  The administrative hearing process is before an administrative hearing officer.  92 IAC 2520.725.   At the hearing, the alleged violator can introduce evidence and cross-examine witnesses.  92 IAC 2520.740.  Persons found liable for a toll violation can appeal to the state circuit court in accordance with the Illinois Administrative Review Law, 735 ILCS 5/3-101 *et seq.  See* 605 ILCS 10/10(a-5); 92 IAC 2520.770.

It can be inferred from the Kushners' Notice of Violation (Exhibit B[3]) ("Notice") and ¶12 of the I-PASS Agreement (Exhibit A) that the Kushners failed to register the vehicle involved in

---

[2]      The Kushners allege that "[s]igning up for I-PASS establishes a contractual relationship between the customer and ISTHA"  (Complaint ¶ 10).  This court can consider a contract referenced in a complaint but not attached to that complaint.  *Truhlar v. John Grace Branch No. 825 of the National Association of Letter Carriers*, Not Reported in F.Supp.2d, 2007 WL 1030237 (N.D. Ill.).
[3]      This is Plaintiffs' Exhibit A.

this case to their I-PASS account.[4]  Since the Kushners were accumulating violations on a

vehicle they had failed to register in the Tollway's I-PASS system, on April 3, 2008 the Tollway

issued a Notice of Violation (Exhibit B), which stated in relevant part:

> Within 21 days of the issue date of this notice you must either: pay the
> total due or request a hearing to contest the violations.  *If you had a valid
> I-PASS account in good standing, at the time of the violation, you do not
> need to schedule a hearing....*  If you wish to contest these violations or
> review all photos and documentation prior to a hearing please call 1-800-
> 824-7277 / 1-630-241-7302 – T.D.D. to schedule a hearing and/or an
> evidence package review.  (Exhibit B) (emphasis added).

The Kushners allege that upon receipt of the Notice on April 10, 2008 (Complaint ¶11)

they attempted to contact the Tollway "multiple" times to schedule a hearing by calling the

phone number listed on the Notice (*Id.* at ¶ 14).  The Kushners filed their Complaint on April 15,

2008, five days after their receipt of the Notice and nine days before the time period in which

they had to request a hearing would run (i.e., April 24, 2008).

On April 17, 2008, the Kushners made a written request for a hearing.  (Exhibit C).  On

April 21, 2008, the Tollway sent them a list of available hearing dates.  (Exhibit D).   The

Tollway recognized that the Kushners were I-PASS customers and proposed to resolve this

matter without a hearing by having the Kushners register their unregistered vehicle to their I-

PASS account.  *Id.*  On April 25, 2008 the Kushners asked the Tollway to register their vehicle.

(Exhibit E).  When the Tollway added the vehicle to the Kushners' I-PASS account, it deducted

the unpaid tolls and dismissed all of the fines referenced in the Notice.  (Exhibit F).

Those alleged violators who do not have an I-PASS, like Plaintiff Jaiva Goodrum

("Goodrum"), are also sent violation notices when they proceed through an electronic toll

collection point without paying.  The Tollway issued two violation notices to Goodrum on April

---

[4]         This is corroborated by the Kushners' later request that their license plate be added to their I-
PASS account. (Exhibit E).

23, 2008, both with a due date of May 14, 2008. (Exhibit G).[5] Goodrum's payment history shows that on May 4, 2008 she called the Tollway through the 800 number listed on one of the Notices and paid $4.80, the tolls for eight potential violations. (Exhibit H). On May 19, 2008, the Tollway re-issued the Notices because the previous set was returned. (Exhibit I). These Notices gave Goodrum until June 9, 2008 to pay or request a hearing. (*Id.*) On May 22, 2008, within this period, Goodrum requested a hearing. (Exhibit J). On May 27, 2008, the Tollway responded by offering three hearing dates. (Exhibit K). On June 4, 2008 Goodrum requested a hearing date of June 24, 2008. (Exhibit L). The Tollway scheduled a hearing for that date and sent Goodrum a Notice of Administrative Hearing confirming the date. (Exhibit M).

Even though Goodrum was then scheduled for an administrative hearing on her alleged toll violations, she was added as a Plaintiff in the Amended Complaint dated June 17, 2008. Goodrum had her hearing on both Notices of Violation and was found liable for 36 violations on June 24, 2008. (Exhibit N).

## ARGUMENT

There are several defects in the Plaintiff's Complaint that warrant dismissal. This court lacks jurisdiction because the Kushners and Goodrum lack standing and both matters are moot. Additionally, their complaint does not allege a viable due process claim (Count I). Furthermore, the two individuals who were acting within their official capacity as Tollway employees should be dismissed. The Kushners' state law claims (Counts II and III) fare no better.

### I.    The Plaintiffs Lack Standing Because They Suffered No Injury

Plaintiffs lack standing to bring their claims. To have standing "(1) the party must personally have suffered an actual or threatened injury caused by the defendant's allegedly illegal conduct, (2) the injury must be fairly traceable to the defendant's challenged conduct, and (3) the

---

[5]    Goodrum alleges that she received a notice on April 25, 2008. Complaint ¶ 17.

injury must be one that is likely to be redressed through a favorable decision." *Sanner v. Board of Trade of City of Chicago*, 62 F.3d 918, 922 (7th Cir.1995) *quoting Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982).  *See also Kochert v. Greater Lafayette Health Services, Inc.,* 463 F.3d 710, 714 (7th Cir.  2006); *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 627 (7th Cir. 2003).

In this case, the plaintiffs cannot establish any actual or threatened injury from the Tollway's alleged conduct.  Within the 21-day period the Notices provided to the plaintiffs to request an administrative hearing, the Tollway (a) acknowledged their requests for an administrative hearing; (b) provided them a list of available hearing dates, (c) scheduled a hearing on the dates requested by Goodrum and (d) explained to the Kushners how they could secure dismissal of their violation charges by simply registering their vehicle's license plate to their I-PASS account.  The Tollway dismissed the alleged violations after the Kushners egistered their vehicle to their I-PASS account, obviating the need for a hearing.  Goodrum ultimately had a timely hearing before an administrative law judge.

The "multiple" calls the Kushners and Goodrum allegedly made to the Tollway's call center, over a period less than the 21 days allotted to schedule a hearing, without reaching a live operator is not an "injury" for Article III purposes.  Call center busy signals and long waits are an unfortunate feature of modern life, just like long lines at the clerk's office, but they do not rise to the level of a constitutional deprivation.  The fact that the plaintiffs were able to arrange their hearings through written correspondence shows that the Tollway did not limit the public's means for requesting a hearing solely to utilizing the 800 number.

Neither Goodrum nor the Kushners suffered any injury cognizable under Article III and thus lack standing.

**II.    The Complaint is Moot and Should be Dismissed**

A case becomes moot when a plaintiff's personal interest in the outcome of the lawsuit comes to an end before the termination of the litigation.  *Gates v. Towery*, 430 F.3d 429 (7th Cir. 2005).   Even if the Kushners and Goodrum suffered an Article III injury, their complaint was rendered moot when the Tollway offered them an administrative hearing.   Goodrum had her hearing and the Kushners decided not to have a hearing after the Tollway dismissed their toll violations.

"As a general rule, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been properly certified."  *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 389 (5th Cir. 2003) *(*quotation omitted*).  See also Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007); *Board of School Commissoniers of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975).  By scheduling a hearing on the date Goodrum requested, the Tollway provided Goodrum the relief she sought, namely, a hearing.  She could not and did not suffer any damages due the lack of a hearing.  Although the Kushners resolved their case after the suit was filed, their matter was resolved within the 21 day time period set forth in the Notices before any alleged threatened injury could actually attach as a result of a default.  They paid no fine and their driving privileges were never restricted.

With the Tollway's dismissal of the toll violation charges against the Kushners, the Kushners have no current claim against the Tollway and the Tollway has no current claim against them.  As to Goodrum, she has received the very hearing that she alleges that the Tollway had denied her.  There is no reasonable likelihood that the plaintiffs will be charged with toll violations in the future unless they deliberately try to avoid paying tolls.  Therefore, this case is moot and should be dismissed.

**III.    The Plaintiffs Have Not Stated a Viable Due Process Claim**

In Count I, the Kushners and Goodrum allege that the form of the Tollway's violation notices, the purported lack of alternative methods of communicating with the Tollway and the busy phone lines they encountered violated their rights to due process under the 14th Amendment.  In order for the plaintiffs to state a procedural due process claim, they "must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation."  *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).  The Kushners and Goodrum have done neither.  They are unable to factually allege any deprivation of a protected interest and they have received ample procedural protections.

**A.  The Tollway Did Not Deprive the Plaintiffs of Any Protected Interest**

Neither the Kushners nor Goodrum were unlawfully deprived of a protected property or a liberty interest.  Goodrum got an administrative hearing and was found liable.   The Tollway offered the Kushners an administrative hearing, but that hearing was unnecessary because the Tollway dismissed the violations after they registered their vehicle to their I-PASS account.

The difficulty the Kushners and Goodrum may have had in reaching a Tollway operator did not deprive them of any protected constitutional interest.  Inconvenience and irritations in connection with a hearing process—e.g., lengthy forms to fill out, inconvenient times for a hearing, long lines, hearing locations at some distance from a citizen's residence—do not give rise to a constitutional due process claim by themselves.  *See Crawford v. Marion County Election Bd.*, 128 S.Ct. 1610, 1612 (2008) (Because Indiana's voter identification cards are free, the inconvenience of going to the Bureau of Motor Vehicles, gathering required documents, and posing for a photograph does not qualify as a substantial burden on most voters' right to vote, or represent a significant increase over the usual burdens of voting.)  *See also Campbell v. Miller*,

787 F.2d 217, 229 (7th Cir. 1986) (reasonable delay and inconvenience do not rise to the level of a constitutional deficiency.)  If such inconveniences were actionable, then every customer service difficulty at a public agency could be a federal case.

The Kushners' and Goodrum's claims in this regard are particularly weak.  At the time the Kushners received the Notice, they had 14 days to request a hearing from the Tollway.[6]  The Kushners, however, stopped trying to reach the Tollway's call center after only 5 days, opting instead to file this lawsuit.  A party "cannot create a due process claim by ignoring established procedures."  *Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004).   As for Goodrum, she joined the complaint well after the Tollway had scheduled her administrative hearing.

Likewise, the claim that the Notices were not sufficiently clear that alleged violators could request a hearing in writing does not bear scrutiny.  In fact, despite the alleged "unclear notice," the plaintiffs submitted written requests for a hearing (Exhibits C and J) and the Tollway promptly scheduled those hearings.  (Exhibits D and K).  The toll violation notice clearly states that alleged violators have the right to request a hearing and provides, but does not limit, that requests can be made by utilizing an 800 number.  Having received what they were seeking—an opportunity for a pre-deprivation hearing and ultimately either a hearing or full dismissal of all their toll violations—neither Goodrum nor the Kushners were deprived of any protected interest.

It is important to note that neither Goodrum nor the Kushners challenge the adequacy of the Tollway's administrative hearing process.  The courts have granted administrative agencies flexibility in establishing notice and hearing procedures "and it is a feature that courts must be reluctant to curtail."  *Citizens Awareness Network, Inc. v. U.S.*, 391 F.3d 338, 355 (1st Cir. 2004).

---

[6]    The Notice provided the Kushners 21 days from the date of issuance of the notice (April 3, 2008) to either request a hearing or pay the fines.  The Kushners allege they received the Notice on April 10, 2008 (Complaint ¶ 11), which left them 14 days, until April 24, 2008, to act.  They filed their Complaint on April 15, 2008, 5 days after they received the Notice and 9 days before their time to request a hearing had run.

In addition to written notice, the Tollway provides alleged toll violators an impartial hearing officer, access to the evidence against them, and an opportunity to call and cross-examine witnesses.  605 ILCS 10/10(a-5); 92 Ill. Adm. Code 2520.770.  This process is constitutionally adequate.  *See, e.g., Van Harken v. City of Chicago*, 103 F.3d 1346 (7th Cir. 1997) *cert. denied* 520 U.S. 1241 (1997) (upholding administrative hearing process for parking tickets).

The Kushners claim that they, as I-PASS holders, were entitled to advance notice that they could settle for only the amount of the tolls owed if they registered their plate.  (Complaint ¶ 16).  This argument ignores the clear terms of the I-PASS agreement, which makes it a violation subject to the $20 fine if the customer fails to register the license plate to their account.  (Exhibit A, ¶ 12).  Nor is a public agency constitutionally obligated to publicly advertise its settlement policies.  *See* 5 ILCS 120/2(c)(11) (public agency boards may discuss litigation matters in closed session); 5 ILCS 140/7(1)(n) (litigation related materials exempt from public disclosure under FOIA).

### B.  The Illinois Administrative Review Law Provided the Plaintiffs With all the Process They Were Due

The relevant question for plaintiffs' due process claim is "whether sufficient state-law protection *exists*, not whether sufficient protections were *afforded*." (enphasis in original) *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008).  It is difficult to acertain how Goodrum was deprived of her procedural rights when she was given a timely aministrative hearing. Likewise, the Tollway offered the Kushners an opportunity to have a hearing, an opportunity that they decided not to exercise once the realized that the Tollway would dismiss their violations upon registering their vehicle to their I-PASS account.

Even if we put aside this undisputed record and assumed that the Tollway arbitrarily entered final orders of liability against the Kushners and Goodrum, they had a right to an

independent judicial review of those orders in Illinois Circuit Court under the Illinois

Administrative Review Law ("ARL"), 735 ILCS 5/3-101 *et seq. See also* 605 ILCS 10/10(a-5);

92 Ill. Adm. Code 2520.770.

The availability of administrative review by an independent judicial tribunal gives the

plaintiffs all due process to which they were entitled. *Michalowicz,* 528 F.3d at 532-533 . The

ARL grants the Circuit Court "the power to make any order that it deems proper for the

amendment, completion or filing of the record of the proceedings of the administrative agency."

735 ILCS 5/3-111(a)(2). It further allows the reviewing court to remand the cause for *de novo* or

further hearings, to gather more evidence or other proceedings. *Jones v. Board of Fire and*

*Police Com'rs of Village of Mundelein*, 127 Ill.App.3d 793, 800 (2nd Dist. 1984).

The ARL thus allows the court to reverse and remand for an evidentiary hearing when a

state agency fails to schedule a hearing and rules against a party. *Niles Tp. High School Dist.*

*219, Cook County v. Illinois Educational Labor Board,* 369 Ill.App.3d 128, 136 (1st Dist. 2006).

In this case, if the Kushners or Goodrum had been unable to get a hearing because of their

inability to get through to the Tollway call center or if the Tollway failed to respond to their

written request for a hearing, they would still have the right to judicial review of any order

entered against them.

The federal courts will "not reject [a state-law remedy as inadequate] unless the remedy

can readily be characterized as inadequate to the point that it is meaningless or nonexistent and,

thus, in no way can be said to provide the due process relief guaranteed by the fourteenth

amendment." *Michalowicz*, 528 F.3d at 555, *citing Easter House v. Felder*, 910 F.2d 1387, 1406

(7th Cir. 1990)(bracketed material in original). The *Michalowicz* Court found that the ARL

"authorizes review in state court and permits either remand for rehearing or outright reversal of

administrative decisions that are unsupported by the evidence or legally defective." *Id.* at 532-533.

In *Michalowicz,* the plaintiff alleged that his pre-termination hearing was procedurally defective because it failed to give him adequate notice and an opportunity to respond and that the decision makers were biased against him. 528 F.3d at 536-537. The Seventh Circuit held that even though the "scenario surrounding his termination … strikes us as troubling," because the ALR "provided adequate remedies for the procedural violations Michalowicz alleges, he has failed to state a due process claim." *Id.* at 538.

*Michalowicz* has recently and strongly affirmed the adequacy of the ARL as a robust due process check on arbitrary or unreasonable action by a state agency. The Kushners had the ARL available if the Tollway took definitive adverse action against them—which it did not--and Goodrum still has time to exercise her rights under the ARL to appeal the administrative finding against her. Count I of their Complaint thus must be dismissed.

## IV.    The Individual Defendants Should be Dismissed Even if the Plaintiffs Have Alleged a Viable Due Process Claim

Where claims are asserted against an individual public official, the plaintiff must allege that the individual "caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) *quoting Sheik-Abdi v. McClellon*, 37 F.3d 1240, 1248 (7th Cir. 1994). *See also Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987) (Any defendant not alleged to be individually responsible for the violation of constitutional rights should be dismissed).

Plaintiffs allege that McPartlin is the Tollway's Executive Director, Beaudet is the Tollway's executive in charge of electronic tolling and that both are being sued in their official capacity. All the other allegations identify the Tollway as the only actor. As there are no

allegations that either McPartlin or Beaudet were personally involved in the alleged constitutional violations, they should be dismissed from this lawsuit.

## V.  The State Law Claims Should be Dismissed as Well

If the Court dismisses Count I, the only remaining counts deal exclusively with state law questions and according to the general rule, "when as here the federal claim drops out before trial (here way before trial), the federal district court should relinquish jurisdiction over the supplemental claim." *Van Harken v. City of Chicago, supra*, 103 F.3d at 1354.   However, when the court finds "an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case." *Id.*  Here, counts II and III clearly fail to state a cause of action and should be dismissed.

The plaintiffs allege in Count II that the Tollway's violation notices do not comply with statutory and regulatory requirements, citing the Toll Highway Act, 605 ILCS 10/10(a-5), (Complaint, ¶ 34) and the implementing rules, 92 Ill. Adm. Code 2520.705, (Complaint, ¶ 35). They also allege that the Kushners' settlement offer, allowing I-PASS customers to register the offending plate on their account and the fines will be dismissed, should be included in the Notice.  This is not even provided for in the statutory language the Plaintiff's cite.  Additionally, there is no indication that the General Assembly intended to provide a private cause of action separate and apart from the cause of action arising under the ARL that it did provide.  When the General Assembly specifically prescribes a remedy—here the ARL—a court should not lightly imply the existence of a distinct cause of action for which there is no textual support.

A comparison of the relevant provision of the Toll Highway Act and the accompanying rules with the Notice indicate that the Tollway has complied with the legal requirements. The

Notice was sent First Class Mail to the address of the registered owner of the car, it contained a statement that the Kushners had an opportunity for a hearing and it provided a toll free number to receive inquiries. The Notice, in other words, complies with the state law requirements. Therefore, Count II should be dismissed.

In Count III the Kushners allege a violation of the contract between the Tollway and its I-PASS customers "pursuant to which the customer is entitled to use the Tollway system for the posted tolls." (Complaint ¶ 44). They then claim that "the effect on the conduct complained of is to force the customer to pay an excessive amount for the use of the tollway system, in violation of the contract created when the customer signs up for I-PASS." (Complaint ¶ 45) Under Illinois law, a complaint alleging breach of contract must allege that the plaintiff performed its contractual obligations. *Falcon Associates, Inc. v. City of O'Fallon, Ill.*, 867 F.Supp. 778, 780-781 (S.D. Ill., 1994) *citing Martin-Trigona v. Bloomington Fed. Sav. & Loan Ass'n,* 101 Ill.App.3d 943, 946 (1st Dist. 1981).

The I-PASS Agreement required the Kushners to provide updated information about their vehicles as a condition of using the Tollway system and paying their tolls electronically. (Exhibit A, ¶'s 2-4, 12). The Kushners fail to allege that they complied with the terms of the I-PASS Agreement. We know that the Kushners will be unable to make such an allegation because they added their vehicle to their I-PASS account in order to clear the violations giving rise to this lawsuit. Additionally, the Agreement clearly states that it is a toll violation if the customer does not register the plate with the I-PASS account. (Exhibit A, ¶ 12).

Count III should be dismissed because the Kushners failed to perform their contractual obligation to register their vehicles to their I-PASS account and the Tollway in dismissing the Kushners' violations was more generous to them than the I-PASS agreement required.

WHEREFORE, for the reasons discussed above, the Illinois State Toll Highway Authority, Brian McPartlin and Matthew Beaudet respectfully request this Honorable Court to dismiss the Plaintiffs' Complaint.


LISA MADIGAN                          /s/  Victor F. Azar
Illinois Attorney General             VICTOR F. AZAR, ARDC # 6203693
                                      Assistant Attorney General
                                      THOMAS J. BAMONTE
                                      General Counsel
                                      Illinois Tollway
                                      2700 Ogden Avenue
                                      Downers Grove, Illinois 60615
                                      (630) 241-6800, extension 1540

Exhibit A

Funds Transfer, ACH or other form of commercially available payment (hereafter "EFT") or charge is disputed or rejected, the Tollway will deduct the corresponding credit from your account.

8.       **Your I-PASS will be suspended** if your I-PASS account balance falls below $0.

9.       **Illinois law shall govern this Agreement.** Venue for any disputes arising in connection with your I-PASS account or use of your I-PASS transponder shall lie in the Circuit Court of DuPage County, Illinois.

10.      **If any term of this Agreement is held invalid,** such invalidity shall not affect the validity of the remaining terms.

11.      **The Tollway may change the terms of this Agreement at any time** by sending you an e-mail to the e-mail address you provided the Tollway and by posting a copy of the Agreement on the Tollway website and at the Tollway Customer Care Center. **Use of your I-PASS beginning 10 days after such posting shall constitute your agreement to the terms of the new Agreement.** If you want a written copy of any amendments to the Agreement, you must notify the Tollway in writing and provide a current mailing address.

12.      **When your I-PASS is absent from the vehicle, not properly mounted or otherwise does not register a toll payment, a photograph of the vehicle's license plate may be taken and compared with your I-PASS account information.** If the license plate number and plate type is accurately listed in your account, the transaction will be processed as a V-Toll (a Tollway service that debits the toll from your valid I-PASS account when your I-PASS is absent from the vehicle, is not properly mounted or otherwise does not register a toll payment). If the license plate and plate type is inaccurate or not listed in your I-PASS account, the transaction will be treated as a violation.

**DEPOSIT AND ACCOUNT BALANCE**

13.      **A transponder security deposit, payable to the "Illinois State Toll Highway Authority" is required for each I-PASS.** The security deposit is $10.00 for automatic balance replenishment accounts and $20 for manual replenishment accounts. If your current security deposit is less than these required amounts, an amount equal to the deficiency will be deducted from your account balance and applied to the security deposit. The deposit shall be refunded if you return your I-PASS transponder in good working condition. If your transponder is defaced, altered, damaged or not returned, you will be liable to the Tollway for the full replacement value of the transponder. The Tollway will apply your security deposit and

any remaining balance in your I-PASS account against the replacement cost of the transponder and any other monies you owe to the Tollway. Interest will not be paid on prepaid account balances or deposits.

14. **A fee equal to the toll charged by the Tollway,** based upon the toll plaza schedule for I-PASS users, will be deducted from your I-PASS account balance each time your I-PASS is used.

15. **The Tollway may deduct a processing fee no greater than 5%** each time you use your I-PASS to buy goods or services from a non-Tollway vendor that accepts I-PASS. This section does not apply to use of a transponder to pay tolls at other toll agencies that accept I-PASS.

16. **All single and multi-I-PASS accounts will carry a single account balance (Shared Balance). Your account balance must be maintained** by check, cash, credit card, or EFT by one of the following procedures (as designated in your application):

- **Automatic transponder account replenishment can be done by credit card or EFT.** You agree that when your I-PASS account balance falls below the greater of 10% of your monthly average I-PASS usage or $10.00, your credit card or EFT account will automatically be charged a replenishment amount and your Shared Balance will be increased accordingly. The replenishment amount will be the greater of the average monthly I-PASS account expenditure or $40. **It is your responsibility to ensure that your EFT or credit card information, including expiration dates is current.** If your credit card or EFT issuer allows, the Tollway may obtain any new expiration dates, any new account numbers or other renewal information from your credit card account and use this information to update and replenish your I-PASS account.

- **All other account replenishments must be made by you via:**
  - The Internet at **www.getipass.com**.
  - Purchasing an **I-PASS Gift Card**.
  - Telephone using a credit card charge at **1-800-UC-IPASS**.
  - Sending a check made payable to the Illinois Tollway and **mailed to I-PASS**, P.O. Box 5225, Lisle, IL 60532.
  - The Tollway **Customer Care Center** to pay in person by cash, check or credit card.
  - Utilizing any other Tollway authorized form of payment.

- Oasis locations as posted on the Tollway website.

17. **If your I-PASS balance falls below $0.00** and a Toll Violation Notice is issued for the unpaid tolls, you will be charged the cash rate for the toll transactions. If a Final Order of Liability is issued and you fail to satisfy the unpaid tolls within the time frame indicated on the Final Order of Liability, the unpaid tolls will be treated as toll violations and all applicable fines, fees and penalties will apply.

18. **If your I-PASS malfunctions or otherwise becomes inoperable during ordinary use**, the Tollway will replace the device at no charge. However, the Tollway will charge as indicated in above paragraph 13 to replace a transponder that has been damaged, defaced or altered.

## SUSPENSION and TERMINATION

19. **The Tollway may terminate this Agreement at any time and for any reason.** You may do so as well. If your account is terminated, the Tollway will refund any amount in your I-PASS account remaining after costs and fees have been paid. If your I-PASS account is terminated, the Tollway will send you a Notice of Termination to the last mail or electronic address you provided the Tollway. The Notice will state the reason(s) for the termination and may give you an opportunity to cure within the stated amount of time. If your account is terminated, you agree to return your I-PASS within the time specified in the Notice to the Tollway Customer Care Center in good working condition, normal wear excepted and pay any amounts you owe to the Tollway.

20. **Your I-PASS is the property of the Tollway,** but will remain in your possession until this Agreement is terminated.

21. **The Tollway reserves the right to inspect your I-PASS** and may, in its sole discretion, deduct from your account the amount necessary to repair damage.

22. **If your I-PASS is lost or stolen, you must notify the Tollway immediately.** The Tollway's contact information is included at the bottom of this agreement. You are responsible for all charges on your I-PASS until you notify the Tollway that your I-PASS has been lost or stolen. The Tollway will apply your security deposit to offset the Tollway's cost of replacing the I-PASS and the balance of the replacement cost will be waived. You will be required to pay a security deposit for the new I-PASS. After you pay the security deposit, the Tollway will transfer any remaining balance in your I-PASS account to your new account.

23.      **Your I-PASS account may be suspended** based upon outstanding toll payment violations, failure to pay administrative fees or a violation of Section 5.A of this Agreement.

24.      **I-PASS suspension means** that you may not use your I-PASS while your account is suspended and any attempted I-PASS transactions will constitute toll violations.

## <u>DISPUTES</u>

25.      **All disputes involving your I-PASS account, your I-PASS transponder or the Tollway's electronic toll collection system must be submitted in writing** to the Tollway Customer Care Center within 180 days of notice that a toll, fee, or other charge has been made to your account. You agree that the mailing or emailing to the last mail or electronic address you provided the Tollway constitutes notice to you of the tolls, fees and charges contained therein.

TOLLWAY CUSTOMER CARE CENTER

2700 Ogden Ave.

Downers Grove, Illinois 60515

1-800-UC-IPASS (1-800-824-7277) TTY: 630-241-6898

www.illinoistollway.com

Exhibit B

**Illinois Tollway**
**Notice of Toll Violation**
**Payments: By Phone, mail or online at www.illinoistollway.com**
**1-800-824-7277 / 1-630-241-7302 - T.D.D.**

Respondent(s):

MARVIN KUSHNER
CHERI J KUSHNER
*REDACTED*



| | |
|---|---|
| Notice Number: | VN08426610 |
| License Plate/Type: | *REDACTED* |
| Issue Date: | April 03, 2008 |
| Due Date: | April 24, 2008 |
| Amount Due: | $208.50 |

70318714

Your vehicle has been recorded by the Illinois Tollway's violation enforcement camera system for non-payment of the proper tolls. Within 21 days of the issue date of this notice you must either: pay the total amount due or request a hearing to contest the violations. If you had a valid I-PASS account in good standing, at the time of these violations, you do not need to schedule a hearing. The photo in the upper right corner of this page is representative of one of the alleged violation occurrences. Photos & documentation of all occurrences are available for inspection (see additional information below ).

Section 10/10(a-5) of The Illinois Toll Highway Act and sections 2520.269(e) and 2520.750 of the Illinois Administrative Code authorizes The Illinois Tollway to adjudicate toll evasion violations administratively and assess a mandatory fine of $20.00 per violation against the registered owner of a vehicle that has been recorded as failing to pay the proper toll.

Failure to respond to this notice within 21 days shall be deemed as an admission of liability and a waiver of your right to a hearing and shall result in a Final Order of Liability being issued against you, by default, for the total amount due. Failure to satisfy any fines or penalties within 14 days after the entry of a Final Order of Liability, resulting by default or contest, shall result in an additional fine of $50.00 per liable violation. Failure to satisfy any fines or penalties after the entry of a Final Order(s) of Liability for 5 or more violations shall result in the Tollway petitioning the Secretary of State for suspension of your vehicle registration and/or driver's license and possible forwarding of this matter to a private agency or law firm for collection action.

I-PASS PATRONS: You may have received this notice if your account is not up to date with all current vehicle information. **YOU DO NOT NEED TO SCHEDULE A HEARING.** Call 1-800-824-7277 / 1-630-241-7302 - T.D.D. and a representative will assist you. Please have your I-PASS account number, notice number and license plate number available when you call.

Additional Information:
HEARING/EVIDENCE REVIEW: The purpose of a hearing is solely to determine whether or not a violation has occurred. The hearing officer does not have the legal authority to negotiate, waive or lessen the mandatory fine amount, extend the mandatory payment period or grant a payment plan.

Toll evasion is a public, strict liability and vicarious liability violation. Therefore the following are not legal defenses or mitigating factors under Illinois law : (1) the violation notice wasn't mailed sooner, (2) the driver did not intend to miss the payment or go through an I-PASS lane; or (3) someone else was driving the vehicle. This notice may not be inclusive of all violation events for this license plate either prior or subsequent to the dates in this notice.

If you wish to contest these violations or review all photos and documentation prior to a hearing please call 1-800-824-7277 / 1-630-241-7302 - T.D.D. to schedule a hearing and/or an evidence package review . Please have your name and license plate number available when you call.

DISPUTES: Sold vehicles, stolen vehicles or license plates, or commercial leased/rented vehicles please call 1-800-824-7277 / 1-630-241-7302 - T.D.D..

---

Return Coupon with your Payment To: Illinois Tollway, P.O. Box 5201, Lisle, IL  60532-5201

| Respondent(s): | | Notice Number: | VN08426610 |
|---|---|---|---|
| MARVIN KUSHNER | | Amount Due: | $208.50 |
| CHERI J KUSHNER | | | |
| 1269 DEVONSHIRE | | | |
| BUFFALO GROVE, IL 60089-1158 | | | |

| Make Cashiers Check or Money Order Payable to: The Illinois Tollway | Payment Amount: _____ |
|---|---|
| _____ Amex  _____ Visa _____ MasterCard _____ Discover | Plate #: *REDACTED* - PAS |
| Credit Card #: _____  Exp. Date: _____ | Name on Card: _____ |
| Billing Address of Card if different than address on notice: _____ | |

**Violation History:**

VN08426610

| Violation # | Date | Time | Location | Lane Type | Unpaid Toll | Fine | Total Due |
|---|---|---|---|---|---|---|---|
| 70318714 | 05/07/2006 | 09:37:46 | Plaza 17-Devon Ave Lane-07 | Truck I-PASS Only | $0.80 | $20.00 | $20.80 |
| 82928237 | 06/25/2006 | 08:12:52 | Plaza 29-Touhy Ave Lane-54 | ORT | $1.00 | $20.00 | $21.00 |
| 83581759 | 06/30/2006 | 23:26:08 | Plaza 17-Devon Ave Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 121117822 | 08/01/2006 | 14:32:09 | Plaza 24-Edens Spur Lane-52 | ORT | $1.00 | $20.00 | $21.00 |
| 80431643 | 09/17/2006 | 14:07:42 | Plaza 24-Edens Spur Lane-63 | ORT | $1.00 | $20.00 | $21.00 |
| 134251334 | 06/01/2007 | 19:28:39 | Plaza 24-Edens Spur Lane-52 | ORT | $1.00 | $20.00 | $21.00 |
| 134261423 | 06/01/2007 | 23:18:13 | Plaza 24-Edens Spur Lane-63 | ORT | $1.00 | $20.00 | $21.00 |
| 135525092 | 06/17/2007 | 17:22:50 | Plaza 37-I-55 S (Stevenson Expressway) Lane-06 | IPO | $0.30 | $20.00 | $20.30 |
| 135524105 | 06/17/2007 | 17:28:41 | Plaza 35-Cermak Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 164971978 | 12/11/2007 | 12:24:37 | Plaza 17-Devon Ave Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| Number of Violations: | 10 | | | Total: | $8.50 | $200.00 | $208.50 |

Exhibit C

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
**120 S. LaSalle Street, 18th floor**
**Chicago, Illinois  60603-3403**
**(312) 739-4200**
**(800) 644-4673**
**(312) 419-0379 (FAX)**
Email: info@edcombs.com
www.edcombs.com



April 17, 2008

Illinois Tollway
2700 Odgen Avenue
Downers Grove, IL 60515

Re: Marvin and Cheri J. Kushner, VN 08426610

Ladies/ Gentlemen:

We represent the Kushners.  They request a hearing with respect to the above notice.

Sincerely,

Daniel A. Edelman

T:\21304\Correspondence\Demand_Correspondence.WPD

# Exhibit D

*Illinois Tollway*

**The Illinois Tollway**
**2700 Ogden Avenue**
**Downers Grove, Illinois 60515-1703**
**Phone: 630/241-6800**
**Fax: 630/241-6100**
**TTY: 630/241-6898**

Writer's Direct (630) 241-6800, Ex. 1540
Legal Department Fax (630) 271-7559

*By First Class Mail and e-mail*

April 21, 2008

Mr. Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
dedelman@edcombs.com

Re: Marvin and Cheri Kushner

Dear Mr. Edelman:

The Illinois Tollway understands that your clients Marvin and Cheri Kushner have received a toll violation notice and have until April 24, 2008 to schedule an administrative hearing. If your clients would like such a hearing the following dates/times are available:

May 20, 21 and 22, 2008 have hearing openings at 9:00 AM, 10:30 AM, 1:00 PM and 2:30 PM; and during the following week the dates of May 27, 28 or 29, 2008 are open for the 9:00 AM, 10:30 AM, 1:00 PM and 2:30 PM sessions.

Hearings are held at the Tollway's administrative office, which is located at 2700 Ogden Avenue, Downers Grove, Illinois.

Please contact me with the date/time that your clients select. I will get them on the schedule and confirm their hearing with you.

A review of the Tollway records indicates, however, that your clients failed to register the vehicle which is involved in the alleged toll violations to their I-PASS account. In such circumstances, if you or your client authorize the license plate number to be added to their I-PASS account, the violations will be dismissed and their I-PASS account will be charged the $8.50 in unpaid tolls. If your clients wish to obtain dismissal of the toll violations in this manner, please call or have your clients call Katie Geoghegan at (630) 241-6800, extension 2068 to authorize the addition of the license plate to their account.

If you have any questions please feel free to call me at the above number.

Sincerely,

Victor F. Aza
Sr. Assistant Attorney General

# Exhibit E

**Azar, Victor**

| | |
|---|---|
| **From:** | Zachary Jacobs [zjacobs@edcombs.com] |
| **Sent:** | Friday, April 25, 2008 10:49 AM |
| **To:** | Azar, Victor |
| **Subject:** | Marvin and Cheri Kushner |

Victor

Pursuant to your correspondence of April 21, our clients Marvin and Cheri Kushner wish to register their vehicle with Illinois license #905 6929 to their I-PASS account.

Zachary A. Jacobs
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street
18th Floor
Chicago, IL 60603
312-917-4536
312-419-0379 fax
zjacobs@edcombs.com

Exhibit F

**Azar, Victor**

| | |
|---|---|
| **From:** | Azar, Victor |
| **Sent:** | Friday, April 25, 2008 12:38 PM |
| **To:** | 'Zachary Jacobs' |
| **Subject:** | RE: Marvin and Cheri Kushner |
| **Attachments:** | rwservlet.pdf |

Zach:

Per your direction, the plate has been added to the I-PASS account and the tolls paid. As you can see from the attached balance summary, the fines have been dismissed.

Victor F. Azar
Sr. Assistant Attorney General
Illinois State Toll Highway Authority
2700 Ogden Avenue
Downers Grove, Illinois 60515
(630) 241-6800, Extension 1540
Fax (630) 271-7559

**From:** Zachary Jacobs [mailto:zjacobs@edcombs.com]
**Sent:** Friday, April 25, 2008 10:49 AM
**To:** Azar, Victor
**Subject:** Marvin and Cheri Kushner

Victor

Pursuant to your correspondence of April 21, our clients Marvin and Cheri Kushner wish to register their vehicle with Illinois license #905 6929 to their I-PASS account.

Zachary A. Jacobs
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street
18th Floor
Chicago, IL 60603
312-917-4536
312-419-0379 fax
zjacobs@edcombs.com

4/29/2008

**Illinois Tollway**
P.O. Box 5201
Lisle, IL  60532-5201



Run Time:    04/25/2008 11:35:51

**Party Balance Summary Report**

| General Information | |
| --- | --- |
| Respondent Name: | MARVIN KUSHNER |
| | CHERI KUSHNER |
| Respondent Address: | 1269 DEVONSHIRE |
| | BUFFALO GROVE, IL 60089-1158 |
| Plate Number: | 9056929 / IL / Passenger Car |

Violator Flags:

Balance Summary as of    04/25/2008

| | Original Amount (A) | Escalated Amount (B) | Total Amount (C) | Payment Applied (D) | Dismissed Amount (E) | Balance Due (C - D - E) | Due Date |
| --- | --- | --- | --- | --- | --- | --- | --- |
| VN08426610 | $208.50 | $0.00 | $208.50 | $0.00 | $208.50 | $0.00 | 04/24/2008 |
| **Total Amount:** | $208.50 | $0.00 | $208.50 | $0.00 | $208.50 | $0.00 | |

| | |
| --- | --- |
| Payment Received: | $0.00 |
| Overpayment Amount: | $0.00 |
| Amount Refunded: | $0.00 |

### PERSONAL CHECKS WILL NOT BE ACCEPTED

Payment Options:
1. Pay in person at the Illinois Tollway's Administration Building, 2700 Ogden Avenue, Downers Grove, IL 60515.
2. Pay by mail, using the coupon below.
3. Pay by phone - call 1-800-824-7277 with your credit card information. Have your license plate number, notice number or case number available when you call.

| Respondent: | MARVIN KUSHNER |
| --- | --- |
| | CHERI KUSHNER |
| License Plate Number: | 9056929 / IL / Passenger Car |
| Amount Due: | $0.00 |

**Make Cashiers Check Or Money Order Payable to: Illinois Tollway**
(Write license plate number, notice number or case number on Cashiers Check or Money Order)

**DO NOT SEND CASH or PERSONAL CHECK**

Amount Enclosed: $_____

Return Cashiers Check or Money Order payment to:

Illinois Tollway
Violation Processing Center
P.O. Box 5201
Lisle, IL  60532-5201

Exhibit G

**Illinois Tollway**
**Notice of Toll Violation**
**Payments: By Phone, mail or online at www.illinoistollway.com**
**1-800-824-7277 / 1-630-241-7302 - T.D.D.**

Respondent(s):

JAIVA S GOODRUM
2710 AMLI LN APT 1925
AURORA, IL 60502-9007



169469235

| | |
|---|---|
| **Notice Number:** | VN08609329 |
| **License Plate/Type:** | 9233493 (IL) - PAS |
| **Issue Date:** | April    23, 2008 |
| **Due Date:** | May    14, 2008 |
| **Amount Due:** | $104.00 |

Your vehicle has been recorded by the Illinois Tollway's violation enforcement camera system for non-payment of the proper tolls. Within 21 days of the issue date of this notice you must either: pay the total amount due or request a hearing to contest the violations. If you had a valid I-PASS account in good standing, at the time of these violations, you do not need to schedule a hearing. The photo in the upper right corner of this page is representative of one of the alleged violation occurrences. Photos & documentation of all occurrences are available for inspection (see additional information below).

Section 10/10(a-5) of The Illinois Toll Highway Act and sections 2520.269(e) and 2520.750 of the Illinois Administrative Code authorizes The Illinois Tollway to adjudicate toll evasion violations administratively and assess a mandatory fine of $20.00 per violation against the registered owner of a vehicle that has been recorded as failing to pay the proper toll.

Failure to respond to this notice within 21 days shall be deemed as an admission of liability and a waiver of your right to a hearing and shall result in a Final Order of Liability being issued against you, by default, for the total amount due. Failure to satisfy any fines or penalties within 14 days after the entry of a Final Order of Liability, resulting by default or contest, shall result in an additional fine of $50.00 per liable violation. Failure to satisfy any fines or penalties after the entry of a Final Order(s) of Liability for 5 or more violations shall result in the Tollway petitioning the Secretary of State for suspension of your vehicle registration and/or driver's license and possible forwarding of this matter to a private agency or law firm for collection action.

**I-PASS PATRONS:** You may have received this notice if your account is not up to date with all current vehicle information. **YOU DO NOT NEED TO SCHEDULE A HEARING.** Call 1-800-824-7277 / 1-630-241-7302 - T.D.D. and a representative will assist you. Please have your I-PASS account number, notice number and license plate number available when you call.

Additional Information:
HEARING/EVIDENCE REVIEW: The purpose of a hearing is solely to determine whether or not a violation has occurred. The hearing officer does not have the legal authority to negotiate, waive or lessen the mandatory fine amount, extend the mandatory payment period or grant a payment plan.

Toll evasion is a public, strict liability and vicarious liability violation. Therefore the following are not legal defenses or mitigating factors under Illinois law: (1) the violation notice wasn't mailed sooner, (2) the driver did not intend to miss the payment or go through an I-PASS lane; or (3) someone else was driving the vehicle. This notice may not be inclusive of all violation events for this license plate either prior or subsequent to the dates in this notice.

If you wish to contest these violations or review all photos and documentation prior to a hearing please call 1-800-824-7277 / 1-630-241-7302 - T.D.D. to schedule a hearing and/or an evidence package review. Please have your name and license plate number available when you call.

DISPUTES: Sold vehicles, stolen vehicles or license plates, or commercial leased/rented vehicles please call 1-800-824-7277 / 1-630-241-7302 - T.D.D..

✄ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Return Coupon with your Payment To: Illinois Tollway, P.O. Box 5201, Lisle, IL  60532-5201**

| | | |
|---|---|---|
| Respondent(s): | | |
| JAIVA S GOODRUM | Notice Number: | VN08609329 |
| 2710 AMLI LN APT 1925 | Amount Due: | $104.00 |
| AURORA, IL 60502-9007 | | |

| | |
|---|---|
| Make Cashiers Check or Money Order Payable to: The Illinois Tollway | Payment Amount: _____ |
| _____ Amex _____ Visa _____ MasterCard _____ Discover | Plate #: 9233493 (IL) - PAS |
| Credit Card #: _____ Exp. Date: _____ | Name on Card: _____ |
| Billing Address of Card if different than address on notice: _____ | |

**Violation History:**

VN08609329

| Violation # | Date | Time | Location | Lane Type | Unpaid Toll | Fine | Total Due |
|---|---|---|---|---|---|---|---|
| 169469235 | 07/12/2007 | 09:01:00 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 169469236 | 07/12/2007 | 16:54:00 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 169469237 | 07/27/2007 | 16:38:51 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 169469238 | 08/03/2007 | 16:08:40 | Plaza 51-York Rd Lane-57 | ORT | $0.80 | $20.00 | $20.80 |
| 169469239 | 08/11/2007 | 01:42:47 | Plaza 51-York Rd Lane-56 | SHD | $0.80 | $20.00 | $20.80 |
| Number of Violations: | 5 | | | Total: | $4.00 | $100.00 | $104.00 |

**Illinois Tollway**
**Notice of Toll Violation**
**Payments: By Phone, mail or online at www.illinoistollway.com**
**1-800-824-7277 / 1-630-241-7302 - T.D.D.**

Respondent(s):

JANVA S GOODRUM
2710 AMLI LN APT 1925
AURORA, IL 60502-9007



131127538

| | |
|---|---|
| **Notice Number:** | VN08608761 |
| **License Plate/Type:** | 9233493 (IL) - PAS |
| **Issue Date:** | April   23, 2008 |
| **Due Date:** | May    14, 2008 |
| **Amount Due:** | $645.20 |

Your vehicle has been recorded by the Illinois Tollway's violation enforcement camera system for non-payment of the proper tolls. Within 21 days of the issue date of this notice you must either: pay the total amount due or request a hearing to contest the violations. If you had a valid I-PASS account in good standing, at the time of these violations, you do not need to schedule a hearing. The photo in the upper right corner of this page is representative of one of the alleged violation occurrences. Photos & documentation of all occurrences are available for inspection (see additional information below).

Section 10/10(a-5) of The Illinois Toll Highway Act and sections 2520.269(e) and 2520.750 of the Illinois Administrative Code authorizes The Illinois Tollway to adjudicate toll evasion violations administratively and assess a mandatory fine of $20.00 per violation against the registered owner of a vehicle that has been recorded as failing to pay the proper toll.

Failure to respond to this notice within 21 days shall be deemed as an admission of liability and a waiver of your right to a hearing and shall result in a Final Order of Liability being issued against you, by default, for the total amount due. Failure to satisfy any fines or penalties within 14 days after the entry of a Final Order of Liability, resulting by default or contest, shall result in an additional fine of $50.00 per liable violation. Failure to satisfy any fines or penalties after the entry of a Final Order(s) of Liability for 5 or more violations shall result in the Tollway petitioning the Secretary of State for suspension of your vehicle registration and/or driver's license and possible forwarding of this matter to a private agency or law firm for collection action.

**I-PASS PATRONS:** You may have received this notice if your account is not up to date with all current vehicle information. **YOU DO NOT NEED TO SCHEDULE A HEARING.** Call 1-800-824-7277 / 1-630-241-7302 - T.D.D. and a representative will assist you. Please have your I-PASS account number, notice number and license plate number available when you call.

Additional Information:
HEARING/EVIDENCE REVIEW: The purpose of a hearing is solely to determine whether or not a violation has occurred. The hearing officer does not have the legal authority to negotiate, waive or lessen the mandatory fine amount, extend the mandatory payment period or grant a payment plan.

Toll evasion is a public, strict liability and vicarious liability violation. Therefore the following are not legal defenses or mitigating factors under Illinois law: (1) the violation notice wasn't mailed sooner, (2) the driver did not intend to miss the payment or go through an I-PASS lane; or (3) someone else was driving the vehicle. This notice may not be inclusive of all violation events for this license plate either prior or subsequent to the dates in this notice.

If you wish to contest these violations or review all photos and documentation prior to a hearing please call 1-800-824-7277 / 1-630-241-7302 - T.D.D. to schedule a hearing and/or an evidence package review. Please have your name and license plate number available when you call.

DISPUTES: Sold vehicles, stolen vehicles or license plates, or commercial leased/rented vehicles please call 1-800-824-7277 / 1-630-241-7302 - T.D.D.

**Return Coupon with your Payment To: Illinois Tollway, P.O. Box 5201, Lisle, IL  60532-5201**

| Respondent(s): | | Notice Number: | VN08608761 |
|---|---|---|---|
| JANVA S GOODRUM | | | |
| 2710 AMLI LN APT 1925 | | Amount Due: | $645.20 |
| AURORA, IL 60502-9007 | | | |

| Make Cashiers Check or Money Order Payable to: The Illinois Tollway | Payment Amount: _____ |
|---|---|
| _____ Amex _____ Visa _____ MasterCard _____ Discover | Plate #: 9233493 (IL) - PAS |
| Credit Card #: _____ Exp. Date: _____ | Name on Card: _____ |
| Billing Address of Card if different than address on notice: _____ | |

**Violation History:**

VN08608761

| Violation # | Date | Time | Location | Lane Type | Unpaid Toll | Fine | Total Due |
|---|---|---|---|---|---|---|---|
| 131127538 | 04/17/2007 | 17:09:03 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 131182222 | 04/18/2007 | 16:40:49 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 131577240 | 04/25/2007 | 08:29:42 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 131595583 | 04/25/2007 | 16:01:45 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 131633424 | 04/26/2007 | 09:07:26 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 131651914 | 04/26/2007 | 17:00:14 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 133597110 | 05/24/2007 | 08:02:55 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 133639824 | 05/24/2007 | 16:38:30 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 133664290 | 05/24/2007 | 23:24:55 | Plaza 35-Cermak Rd Lane-64 | ORT | $0.80 | $20.00 | $20.80 |
| 133684913 | 05/25/2007 | 08:11:09 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 133716093 | 05/25/2007 | 15:09:31 | Plaza 51-York Rd Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| 135772922 | 06/20/2007 | 22:30:58 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 136245742 | 06/26/2007 | 08:27:15 | Plaza 52-Meyers Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 136265245 | 06/26/2007 | 16:16:10 | Plaza 51-York Rd Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| 160520741 | 08/03/2007 | 08:21:54 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520742 | 08/10/2007 | 08:37:06 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520740 | 08/10/2007 | 19:54:28 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520743 | 08/13/2007 | 08:15:19 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520745 | 08/16/2007 | 18:31:51 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 141492299 | 08/17/2007 | 06:30:12 | Plaza 51-York Rd Lane-56 | SHD | $0.80 | $20.00 | $20.80 |
| 160520739 | 08/17/2007 | 13:48:55 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 141472562 | 08/17/2007 | 16:37:53 | Plaza 51-York Rd Lane-56 | SHD | $0.80 | $20.00 | $20.80 |
| 160520744 | 08/27/2007 | 10:44:59 | Plaza 52-Meyers Rd Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| 148572540 | 08/27/2007 | 18:45:12 | Plaza 89-Boughton Rd Mainline Lane-54 | ORT | $1.00 | $20.00 | $21.00 |
| 140804546 | 09/09/2007 | 15:11:26 | Plaza 89-Boughton Rd Mainline Lane-54 | ORT | $1.00 | $20.00 | $21.00 |
| 160520751 | 09/16/2007 | 11:10:54 | Plaza 52-Meyers Rd Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| 160520749 | 09/17/2007 | 21:33:06 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520750 | 09/18/2007 | 08:35:00 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520748 | 09/19/2007 | 18:24:26 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520752 | 09/21/2007 | 22:52:38 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520753 | 11/20/2007 | 13:57:45 | Plaza 51-York Rd Lane-56 | SHD | $0.80 | $20.00 | $20.80 |
| Number of Violations: | 31 | | | Total: | $25.20 | $620.00 | $645.20 |

# Exhibit H

Illinois Tollway



# VIOLATION PROCESSING SYSTEM

Page 1 of 2

User: **VAZAR**
Login: **07/17/2008 13:55**
Location: **DOWNERS GROVE**
**CSC**
Shift: **Not Open**
Shift Id:



## VPS MENU

- VIOLATORS
- USER PREFERENCE
- LOG OUT

## Payment History

### Violator Information

| | |
|---|---|
| Violator ID: | 3461707 |
| Party Type: | Single Owner; Individual |
| Primary Owner: | GOODRUM, JAIVA S |
| License Plate: | 9233493 (USA/IL)-PAS |
| Violator Flags: | |

**Driver License:** G36543775E

**Return to Violator Summary**

First | Previous | Next | Last          Displaying 1 - 1 of 1

| Payment ID | Payment Date | Payee Name | Payment Form | Payment Source | Payment Delivery | Status | Amount Paid | AuthCode | CSR N |
|---|---|---|---|---|---|---|---|---|---|
| 46756647 | 05/04/2008 | GOODRUM, JAIVA S | Credit Card | VPS | Phone | success | $4.80 | 018215 | SDICK |

Illinois Tollway

http://prod.vps.tmmp.tollway.state.il.us/vpsuiprod/violator_redirect.do

# Exhibit I

**Illinois Tollway**
**Notice of Toll Violation**
**Payments: By Phone, mail or online at www.illinoistollway.com**
**1-800-824-7277 / 1-630-241-7302 - T.D.D.**

Respondent(s):



JAIVA S GOODRUM
2710 AMLI LN 1925
AURORA , IL 60502-9007

| | |
|---|---|
| **Notice Number:** | VN08869064 |
| **License Plate/Type:** | 9233493 (IL) - PAS |
| **Issue Date:** | May     19, 2008 |
| **Due Date:** | June    09, 2008 |
| **Amount Due:** | $104.00 |

169469235

Your vehicle has been recorded by the Illinois Tollway's violation enforcement camera system for non-payment of the proper tolls. Within 21 days of the issue date of this notice you must either: pay the total amount due or request a hearing to contest the violations. If you had a valid I-PASS account in good standing, at the time of these violations, you do not need to schedule a hearing. The photo in the upper right corner of this page is representative of one of the alleged violation occurrences. Photos & documentation of all occurrences are available for inspection (see additional information below ).

Section 10/10(a-5) of The Illinois Toll Highway Act and sections 2520.269(e) and 2520.750 of the Illinois Administrative Code authorizes The Illinois Tollway to adjudicate toll evasion violations administratively and assess a mandatory fine of $20.00 per violation against the registered owner of a vehicle that has been recorded as failing to pay the proper toll.

Failure to respond to this notice within 21 days shall be deemed as an admission of liability and a waiver of your right to a hearing and shall result in a Final Order of Liability being issued against you, by default, for the total amount due. Failure to satisfy any fines or penalties within 14 days after the entry of a Final Order of Liability, resulting by default or contest, shall result in an additional fine of $50.00 per liable violation. Failure to satisfy any fines or penalties after the entry of a Final Order(s) of Liability for 5 or more violations shall result in the Tollway petitioning the Secretary of State for suspension of your vehicle registration and/or driver's license and possible forwarding of this matter to a private agency or law firm for collection action.

**I-PASS PATRONS:** You may have received this notice if your account is not up to date with all current vehicle information. **YOU DO NOT NEED TO SCHEDULE A HEARING.** Call 1-800-824-7277 / 1-630-241-7302 - T.D.D. and a representative will assist you. Please have your I-PASS account number, notice number and license plate number available when you call.

Additional Information:
HEARING/EVIDENCE REVIEW: The purpose of a hearing is solely to determine whether or not a violation has occurred. The hearing officer does not have the legal authority to negotiate, waive or lessen the mandatory fine amount, extend the mandatory payment period or grant a payment plan.

Toll evasion is a public, strict liability and vicarious liability violation. Therefore the following are not legal defenses or mitigating factors under Illinois law : (1) the violation notice wasn't mailed sooner, (2) the driver did not intend to miss the payment or go through an I-PASS lane; or (3) someone else was driving the vehicle. This notice may not be inclusive of all violation events for this license plate either prior or subsequent to the dates in this notice.

If you wish to contest these violations or review all photos and documentation prior to a hearing please call 1-800-824-7277 / 1-630-241-7302 - T.D.D. to schedule a hearing and/or an evidence package review . Please have your name and license plate number available when you call.

DISPUTES: Sold vehicles, stolen vehicles or license plates, or commercial leased/rented vehicles please call  1-800-824-7277 / 1-630-241-7302 - T.D.D..

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Return Coupon with your Payment To: Illinois Tollway, P.O. Box 5201, Lisle, IL  60532-5201**

Respondent(s):
JAIVA S GOODRUM
2710 AMLI LN 1925
AURORA , IL 60502-9007

Notice Number:    VN08869064

Amount Due:       $104.00

Make Cashiers Check or Money Order Payable to: The Illinois Tollway

_____ Amex _____ Visa _____ MasterCard _____ Discover

Credit Card #: _____  Exp. Date: _____

Billing Address of Card if different than address on notice: _____

Payment Amount: _____

Plate #: 9233493 (IL) - PAS

Name on Card: _____

**Violation History:**

VN08869064

| Violation # | Date | Time | Location | Lane Type | Unpaid Toll | Fine | Total Due |
|---|---|---|---|---|---|---|---|
| 169469235 | 07/12/2007 | 09:01:00 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 169469236 | 07/12/2007 | 16:54:00 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 169469237 | 07/27/2007 | 16:38:51 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 169469238 | 08/03/2007 | 16:08:40 | Plaza 51-York Rd Lane-57 | ORT | $0.80 | $20.00 | $20.80 |
| 169469239 | 08/11/2007 | 01:42:47 | Plaza 51-York Rd Lane-56 | SHD | $0.80 | $20.00 | $20.80 |
| Number of Violations: | 5 | | | Total: | $4.00 | $100.00 | $104.00 |

**Illinois Tollway**
**Notice of Toll Violation**
**Payments: By Phone, mail or online at www.illinoistollway.com**
**1-800-824-7277 / 1-630-241-7302 - T.D.D.**

Respondent(s):



JAIVA S GOODRUM
2710 AMLI LN 1925
AURORA , IL 60502-9007

| | |
|---|---|
| Notice Number: | VN08869063 |
| License Plate/Type: | 9233493 (IL) - PAS |
| Issue Date: | May   19, 2008 |
| Due Date: | June   09, 2008 |
| Amount Due: | $645.20 |

131127538

Your vehicle has been recorded by the Illinois Tollw ay's violation enforcement camera system for non-payment of the proper tolls. Within 21 days of the issue date of this notice you must either: pay the total amount due or request a hearing to contest the violations. If you had a valid I-PASS account in good standing, at the time of these violations, you do not need to schedule a hearing. The photo in the upper right corner of this page is representative of one of the alleged violation occurrences. Photos & documentation of all occurrences are available for inspection (see additional information below ).

Section 10/10(a-5) of The Illinois Toll Highw ay Act and sections 2520.269(e) and 2520.750 of the Illinois Administrative Code authorizes The Illinois Tollw ay to adjudicate toll evasion violations administratively and assess a mandatory fine of $20.00 per violation against the registered ow ner of a vehicle that has been recorded as failing to pay the proper toll.

Failure to respond to this notice w ithin 21 days shall be deemed as an admission of liability and a w aiver of your right to a hearing and shall result in a Final Order of Liability being issued against you, by default, for the total amount due. Failure to satisfy any fines or penalties w ithin 14 days after the entry of a Final Order of Liability, resulting by default or contest, shall result in an additional fine of $50.00 per liable violation. Failure to satisfy any fines or penalties after the entry of a Final Order(s) of Liability for 5 or more violations shall result in the Tollw ay petitioning the Secretary of State for suspension of your vehicle registration and/or driver's license and possible forw arding of this matter to a private agency or law firm for collection action.

**I-PASS PATRONS:** You may have received this notice if your account is not up to date w ith all current vehicle information. **YOU DO NOT NEED TO SCHEDULE A HEARING.** Call 1-800-824-7277 / 1-630-241-7302 - T.D.D. and a representative w ill assist you. Please have your I-PASS account number, notice number and license plate number available w hen you call.

Additional Information:
HEARING/EVIDENCE REVIEW: The purpose of a hearing is solely to determine w hether or not a violation has occurred. The hearing officer does not have the legal authority to negotiate, w aive or lessen the mandatory fine amount, extend the mandatory payment period or grant a payment plan.

Toll evasion is a public, strict liability and vicarious liability violation. Therefore the follow ing are not legal defenses or mitigating factors under Illinois law : (1) the violation notice w asn't mailed sooner, (2) the driver did not intend to miss the payment or go through an I-PASS lane; or (3) someone else w as driving the vehicle. This notice may not be inclusive of all violation events for this license plate either prior or subsequent to the dates in this notice.

If you w ish to contest these violations or review all photos and documentation prior to a hearing please call 1-800-824-7277 / 1-630-241-7302 - T.D.D. to schedule a hearing and/or an evidence package review . Please have your name and license plate number available w hen you call.

DISPUTES: Sold vehicles, stolen vehicles or license plates, or commercial leased/rented vehicles please call 1-800-824-7277 / 1-630-241-7302 - T.D.D..

Return Coupon with your Payment To: Illinois Tollway, P.O. Box 5201, Lisle, IL  60532-5201

| | |
|---|---|
| Respondent(s): | Notice Number:   VN08869063 |
| JAIVA S GOODRUM | |
| 2710 AMLI LN 1925 | Amount Due:   $645.20 |
| AURORA , IL 60502-9007 | |

Make Cashiers Check or Money Order Payable to: The Illinois Tollw ay

_____ Amex _____ Visa _____ MasterCard _____ Discover

Credit Card #: _____  Exp. Date: _____

Billing Address of Card if different than address on notice: _____

Payment Amount: _____

Plate #: 9233493 (IL) - PAS

Name on Card: _____

**Violation History:**

VN08869063

| Violation # | Date | Time | Location | Lane Type | Unpaid Toll | Fine | Total Due |
|---|---|---|---|---|---|---|---|
| 131127538 | 04/17/2007 | 17:09:03 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 131182222 | 04/18/2007 | 16:40:49 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 131577240 | 04/25/2007 | 08:29:42 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 131595583 | 04/25/2007 | 16:01:45 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 131633424 | 04/26/2007 | 09:07:26 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 131651914 | 04/26/2007 | 17:00:14 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 133597110 | 05/24/2007 | 08:02:55 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 133639824 | 05/24/2007 | 16:38:30 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 133664290 | 05/24/2007 | 23:24:55 | Plaza 35-Cermak Rd Lane-64 | ORT | $0.80 | $20.00 | $20.80 |
| 133684913 | 05/25/2007 | 08:11:09 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 133716093 | 05/25/2007 | 15:09:31 | Plaza 51-York Rd Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| 135772922 | 06/20/2007 | 22:30:58 | Plaza 51-York Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 136245742 | 06/26/2007 | 08:27:15 | Plaza 52-Meyers Rd Lane-54 | ORT | $0.80 | $20.00 | $20.80 |
| 136265245 | 06/26/2007 | 16:16:10 | Plaza 51-York Rd Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| 160520741 | 08/03/2007 | 08:21:54 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520742 | 08/10/2007 | 08:37:06 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520740 | 08/10/2007 | 19:54:28 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520743 | 08/13/2007 | 08:15:19 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520745 | 08/16/2007 | 18:31:51 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 141492299 | 08/17/2007 | 06:30:12 | Plaza 51-York Rd Lane-56 | SHD | $0.80 | $20.00 | $20.80 |
| 160520739 | 08/17/2007 | 13:48:55 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 141472562 | 08/17/2007 | 16:37:53 | Plaza 51-York Rd Lane-56 | SHD | $0.80 | $20.00 | $20.80 |
| 160520744 | 08/27/2007 | 10:44:59 | Plaza 52-Meyers Rd Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| 148572540 | 08/27/2007 | 18:45:12 | Plaza 89-Boughton Rd Mainline Lane-54 | ORT | $1.00 | $20.00 | $21.00 |
| 140804546 | 09/09/2007 | 15:11:26 | Plaza 89-Boughton Rd Mainline Lane-54 | ORT | $1.00 | $20.00 | $21.00 |
| 160520751 | 09/16/2007 | 11:10:54 | Plaza 52-Meyers Rd Lane-53 | ORT | $0.80 | $20.00 | $20.80 |
| 160520749 | 09/17/2007 | 21:33:06 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520750 | 09/18/2007 | 08:35:00 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520748 | 09/19/2007 | 18:24:26 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520752 | 09/21/2007 | 22:52:38 | Plaza 52-Meyers Rd Lane-55 | ORT | $0.80 | $20.00 | $20.80 |
| 160520753 | 11/20/2007 | 13:57:45 | Plaza 51-York Rd Lane-56 | SHD | $0.80 | $20.00 | $20.80 |
| Number of Violations: | 31 | | | Total: | $25.20 | $620.00 | $645.20 |

Exhibit J

LAW OFFICES OF

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 SOUTH LASALLE STREET
18TH FLOOR
CHICAGO, ILLINOIS 60603
312-739-4200
FAX 312-419-0379
WEBSITE www.edcombs.com
EMAIL edcombs@aol.com

May 22, 2008

**VIA FIRST CLASS MAIL AND FACSIMILE**

Victor A. Azar
Sr. Assistant Attorney General
The Illinois Tollway
2700 Ogden Avenue
Downers Grove, Illinois 60515-1703
(630) 241-6100 (Fax)

            **Re:**     **Jaiva Goodrum,** relating to **Marvin and Cheri Kushner v. Illinois State Toll Highway Authority, et al,** No. 08-cv-02148, ECL &G No. 21304

Dear Mr. Azar:

      We represent Jaiva Goodrum, who received the enclosed notices of alleged toll violations. Ms. Goodrum was unable to contact the Illinois Tollway using the number provided in the notices, and hereby requests a hearing.

      Please do not hesitate to contact me with any questions of concerns.

                              Very truly yours,

                              Zachary A. Jacobs

Enclosures

cc:     Jaiva Goodrum (w/out enclosures)

Exhibit K



2700 Ogden Avenue
Downers Grove, Illinois 60515-1703
630.241.6800
Fax 630.241.6100
Direct line 630.241.6800, extension 1540
Legal Fax: 630.271.7559
Email: vazar@getipass.com

**_By facsimile and First Class Mail_**

May 27, 2008

Zachary A. Jacobs
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois 60603
Fax: (312) 419-0379

Re: Jaiva Goodrum

Dear Mr. Jacobs:

The Tollway is in receipt of your client's request for a hearing. Pursuant to your request, the Tollway has the following three hearing dates: 6/10/08 at 10:30 AM; 6/11/08 at 9:00 AM and 6/12/08 at 9:00 AM.

Please let me know which date and time your client would like the hearing scheduled and I will make the necessary arrangements.

If you have any questions, please call me at (630) 241-6800, extension 1540.

Sincerely,

Victor F. Azar
Sr. Assistant Attorney General

Enclosure

Exhibit L

## Azar, Victor

**From:** Zachary Jacobs [zjacobs@edcombs.com]
**Sent:** Wednesday, June 04, 2008 3:00 PM
**To:** Azar, Victor
**Subject:** Jaiva Goodrum

Victor

Ms. Goodrum would like to request a hearing on June 24th at 9am.

Zachary A. Jacobs
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street
18th Floor
Chicago, IL 60603
312-917-4536
312-419-0379 fax
zjacobs@edcombs.com

Exhibit M

### IN THE STATE OF ILLINOIS
**Illinois Tollway**

Illinois Tollway,                                                              **June 4, 2008**

v.       JAIVA GOODRUM
         2710 AMLI LN
         1925
         AURORA , IL 60502-9007              License Plate # 9233493(USA / IL)  - Passenger Car

RE: Case Number: 08-0010200 including Violation Notice number(s): VN08869064, VN08869063

### NOTICE OF ADMINISTRATIVE HEARING

A request has been received and an Administrative Hearing has been scheduled for:

HEARING DATE:                          June 24, 2008

HEARING TIME:                          09:00 AM

ROOM:                                  A

PLACE:                                 Illinois Tollway

                                       2700 Ogden Avenue

                                       Downers Grove, IL 60515

Parking and the entrance for Violation Hearing Rooms are located at the north end of the building.

It is in your best interest to be at the hearing. You can bring an attorney at your own expense to represent you or you can bring someone (a friend, family member or business associate) to help you present your case. You are required to bring all of your evidence (photos, documents, etc.) and witnesses with you. If English is not your first language, you are responsible for bringing a translator.

Your failure to appear for a hearing will result in the entry of a judgment against you for the full amount of the fines/penalties allowed under the law. Failure to satisfy any fines or penalties resulting from a Final Order(s) for 5 or more violations shall result in the Tollway petitioning the Secretary of State for suspension of your vehicle registration and/or driver's license and possible forwarding of this matter to a private agency or law firm for collection action.

If you have any questions concerning this matter, please call 1-800-824-7277 / 1-630-241-7302 - T.D.D.

**What Do I Do When I Arrive for My Hearing?**
When you arrive at the hearing facility please remain in the lobby until you are called to your hearing room. Once in the hearing room please take a seat until your case is called.

For your safety, please note that all persons entering a hearing facility must go through security. Also for your safety, please note that weapons (including pocket or utility knives; pepper or chemical sprays; and knife or pepper or chemical spray key-chains) are strictly prohibited and will be confiscated without return.

**How is the Hearing Conducted and What Are My Rights?**
You have the right to: represent yourself, hire an attorney to represent you at your own expense, or authorize a friend or family member to assist you. Please note that there are no public defenders and no right to a jury in an administrative hearing.

The hearing is less formal than a state court trial but will still follow a basic structure to ensure fairness and due process of law. All testimony is under oath and recorded.

Since the Tollway initiated the case against you it has the burden of proof going forward and will present its evidence before you are asked to present a defense. To present its case, the Tollway may: introduce the Notice of Violation(s), call witnesses or offer other evidence such as photographs or other documents. Both you and the hearing officer may ask questions of the Tollway's witnesses.

You have a right to hire and be represented by an attorney at your own expense. You have the right to tell your side of the story to the hearing officer. You may do so through your own testimony, the oral or written testimony of witnesses, or other evidence such as photos or vehicle title transfer document. You are required to bring all of your witnesses, documents and evidence with you to your hearing. The hearing officer may ask questions of you and/or your witnesses.

After both sides have had an opportunity to present their case, the hearing officer will render a decision and written order. By State law, the Tollway's burden of proof in these matters is "by a preponderance of the evidence," which means that taking everything into consideration the hearing officer must believe that "it is more likely than not" that a violation has occurred.

Please note that under Illinois common law, there is no statute of limitation where the state asserts a civil action involving a public right. Therefore it is not a legal defense that a violator was not notified sooner.

Please note that it is not a legal defense that someone else was operating the vehicle at the time of the violation. By law, the registered owner accepts the civil risks inherent to another's use or misuse of the vehicle.

Please also note that by law, where a mandatory fine exists, the hearing officer does not have the authority to negotiate, waive or lessen the mandatory fine amount, nor may the hearing officer extend the mandatory payment period or offer a payment plan. Settlements, partial payment, payment plans and payment extensions will not be entertained at the hearing.

Either side may appeal the hearing officer's decision to the 18th Judicial (DuPage County) Circuit Court of Illinois under the Administrative Review Law within thirty-five (35) days of issuance date of the Final Order of Liability.

Exhibit N

# IN THE STATE OF ILLINOIS
## Illinois Tollway

| | | |
|---|---|---|
| Illinois Tollway, | ) | **Case Number:** 08-0010200 |
| Petitioner , | ) | |
| | ) | **Notice Number:** VA081219454 |
| | ) | **License Plate Number:** 9233493 (IL) - PASSENGER |
| v.    JAIVA S GOODRUM | ) | |
| 2710 AMLI LANE  1925 | ) | |
| AURORA, IL 60502 | ) | |
| | ) | |
| | ) | |
| Respondent(s) | ) | |

## HEARING OFFICER'S FINAL ORDER

This matter coming for Hearing pursuant to Section 10/10(a-5) of the Toll Highway Act, due and proper notice has been given to the parties and Hearing Officer duly advised in the premises, having considered the admitted evidence and testimony, hereby finds by a preponderance of the evidence as follows:

1. As to the charge of toll evasion in violation Section 10/27 of the Toll Highway Act and Section 2520.269(e) of the Illinois Administrative Code, Title 92, Chapter IV, Subpart B, the Hearing Officer finds the respondent(s):

    a) **Liable** on  **36**   violation(s) and the corresponding tolls and fines as reflected in the record.
    b) **Not Liable**  on   **0**   violation(s) and the corresponding tolls and fines as reflected in the record.
    c) **Withdrawn & V-Tolled** on   **0**   violation(s) and the corresponding tolls and associated fines dismissed as
    reflected in the record.
    d) **Withdrawn Paid in Full** on   **0**   violation(s) and the corresponding tolls and fines as reflected in the record.

2. Failure of the respondent(s) to pay the JUDGMENT TOTAL within fourteen (14) days of the date of this Order shall result in an additional fine of Fifty Dollars ($50.00) per liable violation being entered against the respondent(s) and incorporated into this Order by operation of law.

    **JUDGMENT TOTAL:  749.20**                    **DUE DATE:** 07/08/2008

| | | |
|---|---|---|
| *Paul P. Siddell* | **188779** | **06/24/2008** |
| Hearing Officer | # | Date |

**Failure to satisfy any fine or penalty resulting from a Final Order(s) for 5 or more violations shall result in the Tollway petitioning The Secretary of State for suspension of your vehicle registration and/or driver's license and possible forwarding of this matter to a private agency or law firm for collection action.**

**Either side may appeal this final administrative order to the 18th Judicial (DuPage County) Circuit Court of Illinois under the Illinois Administrative Review Law within thirty-five (35) days of the issuance date of this order.**

✂- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Return Coupon with your Payment To: Illinois Tollway, P.O. Box 5201, Lisle, IL  60532-5201
## DO NOT SEND CASH OR PERSONAL CHECKS

| | | | |
|---|---|---|---|
| Respondent(s): | Case Number: 08-0010200 | Due Date: | July 8, 2008 |
| JAIVA S GOODRUM | Notice number: VA081219454 | Amount Due: | $ 749.20 |
| 2710 AMLI LANE  1925 | Issue Date:  June 24, 2008 | Amount Due After 07/08/2008: $ 2549.20 | |
| AURORA, IL 60502 | | | |

| | |
|---|---|
| Make Cashiers Check or Money Order Payable to: The Illinois Tollway | Payment Amount: _____ |
| _____ Amex _____ Visa _____ MasterCard _____ Discover | Plate #: 9233493 (IL) - PASSENGER |
| Credit Card #: _____ Exp. Date: _____ | Name on Card: _____ |
| Billing Address of Card if different than address on notice: _____ | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN KUSHNER and CHERI KUSHNER, | ) | |
| and JAIVA GOODRUM | ) | |
| on behalf of themselves and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 08-CV-2148 |
| | ) | Judge Conlon |
| ILLINOIS STATE TOLL HIGHWAY | ) | Magistrate Judge Keys |
| AUTHORITY, BRIAN McPARTLIN, | ) | |
| and MATTHEW BEAUDET, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Victor F. Azar, hereby certify that I served the Defendants' Notice of Motion, Motion to Dismiss the Amended Complaint and Memorandum in Support  to Cathleen M. Combs, Daniel A. Edelman, James O. Latturner and Zachary A. Jacobs of Edelman, Combs, Latturner and Goodwin, LLC, Attorneys for the Plaintiffs, Marvin Kushner and Cheri Kushner, by CM/ECF e-filing on July 21, 2008.

This 21st day of July, 2008.

|  |  |
|---|---|
|  | s/ Victor F. Azar |
| LISA MADIGAN | ARDC # 6203693 |
| Attorney General of Illinois | Assistant Attorney General |
|  | 2700 Ogden Avenue |
|  | Downers Grove, IL 60515 |
|  | (630) 241-6800, Extension 1540 |